UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      Case No. 10-20287

ROBERT THOMAS,                          HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING
DEFENDANT'S PETITION TO MODIFY SENTENCE UNDER 18 U.S.C. § 3582(c)(2)
(Doc. 28)**

I.

This is a criminal case. Defendant Robert Thomas has filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(2). The government, at the Court's request, filed a response. The matter is ready for decision. For the reasons that follow, the motion is DENIED.

II.

On November 17, 2010, defendant pled guilty under a Rule 11 agreement to one count of Possession with the Intent to Distribute a Controlled Substance (specifically, more than 5 grams of cocaine base, or crack cocaine), in violation of Title 21 U.S.C. § 841(a)(1). The drug quantity placed him at a base offense level 28 (where at least 35 grams but < 50 grams of crack cocaine was possessed). The Rule 11 agreement specified a guideline range of 188-235 months, which included defendant's status as a

career offender, under U.S.S.G. § 4B1.1(b)(2)). Defendant agreed to seek a sentence of no less than 120 months; the government agreed not to file a 21 U.S.C. § 851 enhancement, which would have set defendant's sentence at a mandatory minimum of 20 years. The parties also agreed that if the Court sentenced the defendant below 120 months or the defendant requested such a sentence, the government had the right to withdraw the plea offer.

The Probation Department calculated defendant's guideline range as 188-235 months. Specifically, the Probation Department found that defendant's base offense level was 26. After a three point reduction for acceptance of responsibility, the offense level was 23. However, defendant's status as a career offender resulted in a total base offense level of 31. Defendant was also placed in criminal history category IV. This produced the 188 to 235 month advisory guideline range. The Probation Department recommended a sentence at the high end of the range, based in part on defendant's extensive criminal history, including multiple drug convictions.

On March 29, 2011 the Court sentenced defendant to 144 months, a 44 month downward variance based on application of the 18 U.S.C. § 3553(a) factors. The reasons for the variance as outline in the judgment and commitment order included to protect the public from future crimes and to provide the defendant with needed educations or vocational training, medical care, or other correctional treatment in the most effective manner. below the advisory sentencing guideline range.

Defendant did not file a direct appeal, nor has he filed a habeas petition under 28 U.S.C. § 2255.

On June 3, 2013, the defendant filed the instant motion for reduction in sentence

under 18 U.S.C. § 3582(c)(2).  The motion is based on Amendment 750 to the United States Sentencing Guidelines, which lowered the base offense levels applicable to cocaine base or "crack" offenses.  Defendant argues that 2010 Fair Sentencing Act ("FSA") applies to his case, and that his sentence otherwise violates the Eighth Amendment prohibition of cruel and unusual punishment.  Defendant also argues that the Court of Appeals for the Sixth Circuit's decision in <u>United States v. Blewett</u>, 12-5226 (6th Cir. May 17, 2013), <u>vacated and petition for reh'g en banc granted</u>, (July 11, 2013). should be applied to his case.

Subsequently, on June 12, 2013, the Court, at defendant's request, amended the judgment and commitment order to allow the 144-month sentence to run concurrent with defendant's state sentence and that the state institution shall serve as the federal institution.

### III.

18 U.S.C. § 3582(c)(2) provides in relevant part:

(1) In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
(A) none of the amendments listed in subsection (c) is applicable to the defendant; or
(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

3

IV.

In 2010, Congress passed the FSA. The FSA lowered the amount of cocaine base, or "crack" cocaine, necessary to be subject to a statutory mandatory minimum term of imprisonment. At the time of defendant's sentencing, a minimum of 5 grams of cocaine base or "crack" was necessary to him being subject to a statutory penalty of 5 to 40 years. Under the FSA, the amount of cocaine base or "crack" now necessary to trigger similar penalties is 28 grams.

In Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012) , the Supreme Court held that the new lower mandatory minimum penalties under the FSA for "crack" cocaine offenses apply to defendants who committed their crimes before the statute was enacted (August 3, 2010), but who were sentenced after the date of enactment. Defendant was sentenced on March 29, 2011. Thus, the FSA applies to defendant.

However, applying the FSA does not require a reduction in defendant's sentence. First, because defendant's sentence was based upon the career offender sentencing guideline, he cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range. See United States v. Williams, 607 F.3d 1123, 1125–26 (6th Cir. 2010). The fact that defendant was sentenced below the applicable sentencing guidelines range as a result of the Court's grant of a downward variance does not alter this result. See United States v. Pembrook, 609 F.3d 381, 387 (6th Cir.2010). Defendant's sentence was not based on the crack cocaine guideline range. Rather, the Court varied downward from the career offender guideline range of 188 to 235 months.

Second, as the Probation Department explained in a supplemental report:

> The career offender calculations are determined based on the statutory maximum penalty of the count(s) of conviction that trigger utilization of the career offender guideline. As the statutory maximum penalty in this case is 20 years, the new base offense level is 32. The criminal history category remains IV; however the resulting applicable sentencing guideline range is now 151 o 188 months.

Thus, even applying the FSA, the sentence defendant received is still a downward variance from this guideline range.

Finally, defendant's constitutional argument to his sentence lacks merit. See United States v. Graham, 622 F.3d 445, 461–62 (6th Cir.2010), cert. denied, ––– U.S. ––––, 131 S.Ct. 2962, 180 L.Ed.2d 251 (2011). Moreover, constitutional issues are not properly presented in a motion under § 3582(c)(2). See United States v. Martin, 367 F. App'x. 584, 585 (6th Cir. 2010).

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 9, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160